PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KYLE JAMES HARRIS, | ) | CASE NO. 1:11CV202 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN FARLEY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

On January 28, 2011, petitioner *pro se* Kyle James Harris ("Harris") filed the above-
captioned habeas corpus action under 28 U.S.C. § 2241.  As grounds for the petition, Harris

asserts that he is subjected to adverse and unconstitutional conditions of confinement at the

Federal Correctional Institution at Elkton, where he is incarcerated.

Habeas corpus is not the appropriate vehicle for challenging the conditions of one's

confinement.  *Okoro v. Scibana*, No. 1322, 1999 WL 1252871, at *2 (6th Cir. Dec. 15, 1999);

*Rae v. Luttrell*, No. 95-5453, 1996 WL 47104, at *1 (6th Cir. Feb. 5, 1996).  The appropriate

action to challenge such conditions is to file a civil rights complaint.[1]

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed

---

[1] To file a civil rights action, petitioner would be required to file a prisoner account
statement so that the court would have sufficient financial information to assess and collect the
$350 filing fee.  28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

pursuant to 28 U.S.C. § 2243.  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3),

that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


March 24, 2011                                                          s/ *Benita Y. Pearson*
Date                                                             United States District Judge